**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Order Filed on September 22, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>Cornelius Stephens,<br><br>Debtor. | Case No.: 26-18311-ABA<br>Chapter: 13<br><br>Hearing Date: September 1, 2026, at 10:00 a.m.<br><br>Judge: Andrew B. Altenburg, Jr. |

**ORDER DENYING MOTION FOR TURNOVER OF PROPERTY, IN PART AND HOLDING DECISION IN ABEYENCE IN PART**

The relief set forth on the following page, numbered two (2) through fifteen (15), is hereby **ORDERED**.

**DATED: September 22, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

**THIS MATTER** having come before the court on Debtor, Cornelius Stephens' *Motion for Turnover of Property* (Doc. No. 7); and Castlerock 2017 LLC having filed opposition (Doc. No. 23); and the Debtor having filed a response thereto (Doc. No. 25); and a hearing having been held on September 1, 2026; and for the reasons set forth in the attached Memorandum Decision; it is

**ORDERED** that the Motion for Turnover of Property as to real property located at 33 Main Street, Pennsville, New Jersey, 08070 and the physical keys to that property is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Turnover of Property as to personal property is held in abeyance and conditioned on the following:

1. Two (2) weeks from the date of this Order, the Debtor must file on the Docket in this case a certification and actual proof by way of evidence/exhibits to:
   a. to establish or identify what property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; and
   b. that the property can be used in accordance with the provisions of section 363; and
   c. the property has more than inconsequential value to the Debtor's estate. To that end, the Debtor must establish values of said property and proof of how that value was determined.
2. Should the Debtor fail to timely comply with this Order, including but not limited to the filing of a certification and actual proof by way of evidence/exhibits, the Motion as to the personal property will be **DENIED.**
3. Castlerock will have two (2) weeks from the date that the Debtor's certification and evidence/exhibits are filed on the court's Docket to respond with its own certification and evidence/exhibits. Should Castlerock fail to timely file this required information, its failure to do so will be deemed an admission to and acceptance of the Debtor's submission.

**IT IS FURTHER ORDERED** that after the deadlines for the parties' submissions to the court, if necessary, the court will advise the parties of the need for further submissions and/or a plenary hearing.

**MEMORANDUM DECISION**

Before the court is the *Motion for Turnover of Property* filed by the Debtor, Cornelius Stephens (the "Motion") and the opposition filed by Castlerock 2017 LLC ("Castlerock"). Because the court cannot grant the relief requested, and/or more information is required, the Motion is denied in part as to the real property and judgment is reserved until the Debtor can provide specific information about the personal property he alleges is missing.

**PROCEDURAL HISTORY**

On July 22, 2026, the Debtor, Cornelius Stephens (the "Debtor"), filed this Chapter 13 Voluntary Petition. Doc. No. 1. This is the second case the Debtor has had pending within the preceding one year period. His first case, Bankr. Case No. 26-16945 (the "First Case"), was dismissed on June 30, 2026. *See Clerk's Evidence of Previous Dismissal*, dated July 23, 2026.[1] Also on July 22, 2026, the Debtor filed his *Motion for Turnover of Property* (the "Motion"). Doc. No. 7. The Debtor and his family had previously resided at real property located at 33 Main Street, Pennsville, New Jersey, 08070 (the "Property"). Doc. No. 7-1, at 1-2.

On June 16, 2026, the Sheriff's Department of Salem County ("Sheriff"), on behalf of Castlerock, completed a lockout of the Property pursuant to and in execution of a writ of possession (the "Writ of Possession") from the Superior Court of New Jersey, Chancery Division, Salem County, Docket No. C-000010-19 (the "State Court" and the "State Court Action"). Doc. No. 7-1, at 2; Doc. No. 23, ¶4; Doc. No. 23, Ex. B. Finally, the Debtor also filed an Adversary Proceeding, Adv. Pro. No. 26-01340, seeking recovery of the Property, declaratory relief related to its ownership, and actual, compensatory, and punitive damages related to fraud and stay violations under similar theories raised in the Motion.

The Debtor's Motion seeks an order commanding Castlerock to deliver all physical keys, vacate the Property, and grant re-entry to the Property pursuant to 11 U.S.C. §§ 105(a) and 542.[2] Furthermore, the Debtor seeks a turnover of his personal property, including personal identifying information such as birth certificates and secure financial records that he alleges were damaged

[1] The court can and does take judicial notice of the Docket of the First Case. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995); *Thomas v. TEKsystems, Inc.,* No. 2:21-CV-460, 2026 WL 409272, at *1 (W.D. Pa. Feb. 11, 2026); *In re Davis*, 597 B.R. 770, 773 (Bankr. M.D. Pa.2019).

[2] The Debtor listed the Property on Schedule C of the Petition and claimed an exemption under 11 U.S.C. § 522(d)(1), which he argues gives him standing to protect his possessory interests.

and/or stolen.[3] Doc. No. 7, ¶5 and p. 6. Lastly, the Debtor also challenges prior transfers of title to the Property and therefore the validity of the outcomes in the State Court Action. *See generally* Doc. Nos. 7 and 25.

Castlerock filed opposition. Doc. No. 23 (the "Opposition"). The Debtor filed a response thereto. Doc. No. 25. Upon request of the court, Castlerock filed an additional certification. Doc. No. 26. The court conducted a hearing on September 1, 2026, at which time both parties appeared and made argument. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. This Memorandum Decision constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## DISCUSSION

The background pertaining to the ownership of the Property is dispositive here. The Debtor and Castlerock entered into a Land Contract/Contract for Deed dated July 19, 2018, as well as a Promissory Note dated August 1, 2018, executed by Castlerock and the Debtor (collectively, the "Land Contract and Note"), wherein Castlerock agreed to sell the Property. Doc. No. 26, Ex. A. The Debtor subsequently breached the Land Contract and Note and Castlerock filed a Complaint to commence the State Court Action on June 24, 2019. Doc. No. 26, ¶5. After years of litigation before the State Court, Castlerock obtained a final Order Granting Summary Judgment for Possession (the "State Court Order") against the Debtor on May 9, 2025. The State Court Order also included a judgment for monetary damages in favor of Castlerock and against the Debtor in the amount of $64,520.00 and required the Debtor to vacate the Premises on or before June 1, 2025. Doc. No. 26, ¶7 and Ex. D. Importantly, the memorandum decision published along with the State Court Order (the "Memorandum Decision") states, "[***i]t is clearly and convincingly established that [Castlerock] is the owner of the property.***" *Id*. at Ex. D (emphasis added). Castlerock then obtained the Writ of Possession on April 20, 2026. *Id*. at Ex. E.

The Sheriff served the Writ of Possession on the Debtor and scheduled a lockout on June 16, 2026. Shortly before the lockout took place, the Debtor filed an Emergency Motion to Stay the Writ of Possession in the State Court Action, but the Motion was promptly denied by the State Court on June 11, 2026. *Id.* at ¶11 and Ex. F. The Sheriff completed the lockout on June 16, 2026, giving rise to the Debtor's filing of his First Case. *See* Doc. No. 26, ¶12.

Two days after the First Case was filed, the Debtor filed his *Motion re: With Shortened Notice for Contempt Sanctions and Punitive Damages for Willful Violation of the Automatic Stay*

---

[3] Castlerock and/or the Sheriff relocated the Debtor's possessions to a storage facility which the Debtor was subsequently given access to after the lockout and the Debtor confirmed at the hearing on September 1, 2026, that he removed his personal property from storage already. Doc. No. 7, ¶4-5. Consequently, his relief is limited to only those items of personal property which he claims to be missing or broken – something, except as noted, he has yet to identify to the court.

(“Contempt Motion”). First Case, Doc. No. 11. *See also* Doc. No. 26, ¶12. The court denied the Contempt Motion stating that:

> ORDERED that the aforesaid motion is denied. Debtor has a pending bankruptcy case in the Eastern District of New York, Bankruptcy Case No. 25-43801. And since a debtor may not have 2 pending bankruptcy cases at the same time, this court has no jurisdiction to consider this application. Any application should be made in the Eastern District of New York.

First Case, Doc. No. 12. That ruling is currently on appeal in the United States District Court, District of New Jersey, Case No.: 26-cv-07498. Doc. No. 21, and a *Motion To Stay Pending Appeal*, Doc. No. 22. The court entered an *Order Denying Stay Pending Appeal* in the First Case, Doc. No. 26 [4], finding that*, inter alia*:

> This Court issued the ruling now being appealed and given the majority view of the courts which have addressed the issue presented with the simultaneous filing of the chapter 13 case and the significant distinguishable facts from the cases relied on by the Debtor, it stands by that ruling. *The [First] Case was an improper and ineffective filing. As such, there was no stay in effect for the creditors and/or its agents to violate. . .*
>
> ... Castlerock proceeded with the enforcement of its rights with court authority. The Debtor seeks to sanction it for its apparently lawful efforts. *Again, because the [First] Case was improper, invalid, and ineffective, there was no stay in place to violate.*

First Case, Doc. No. 26 at 7-8 (emphasis added). That ruling is not on appeal. The First Case was dismissed on June 30, 2026. First Case, Doc. No. 30.

**The Motion for Turnover**

Pursuant to Section 542(a) of the Bankruptcy Code, “an entity...in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363...shall deliver to the trustee, and account for, such property or the value of such property....” 11 U.S.C. § 542(a). To establish a turnover claim, the party seeking turnover has the burden to prove that:

(1) The property is in the possession, custody or control of another entity;
(2) The property can be used in accordance with the provisions of section 363; and
(3) The property has more than inconsequential value to the debtor’s estate.

[4] For a detailed background of the tortured history of the Debtor’s multiple attempts to avoid the lien of Castlerock and/or prevent it from enforcing its rights against the Property, see the court’s *Order Denying Stay Pending Appeal* in the First Case.

*In re Steel Wheels Transp., LLC*, No. 06-15377 DHS, 2011 WL 5900958, at *5 (Bankr. D.N.J. Oct. 28, 2011); *In re Patriot Nat'l Inc.,* 592 B.R. 560, 573 (Bankr. D. Del. 2018); *In re Irwin*, 509 B.R. 808, 815 (Bankr. E.D. Pa. 2014). Above all, for a turnover action to succeed, the moving party must also prove that the property sought to be turned over ***is property of the estate***. *In re Kaspar*, 667 B.R. 195, 220 (Bankr. S.D.N.Y. 2025) (emphasis added) ("for section 542(a) to apply, there must be no dispute that the property that is the object of the turnover claim **is estate property**."); *In re Zetta Jet USA, Inc.*, 624 B.R. 461, 507 (Bankr. C.D. Cal. 2020) ("To prevail on a turnover cause of action, the [movant] must show…***the property constitutes property of the estate***") (emphasis added). "Broadly defined, the estate consists of 'all legal and equitable interests of the debtor in property.'" *Steel Wheels Transp.,* 2011 WL 5900958, at *5; *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000) ("the estate encompasses everything that the debtor owns upon filing a petition...") "While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property." *Id*. Importantly, ***"[f]iling for bankruptcy does not create new property rights or value where there previously were none***." *In re Majestic Star Casino, LLC,* 716 F.3d 736, 751 (3d Cir. 2013) (quoting *In re Messina*, 687 F.3d 74, 82 (3d Cir. 2012)) (emphasis added).

**The Motion as to the Property is Denied**

The Debtor's repeated arguments in the Motion and Reply Brief, Doc. No. 25, continue to ignore one consequential point, a point that the Debtor admitted at the hearing on September 1, 2026 – the court does not have jurisdiction to set aside the State Court Order. Audio Recording at 11:19:45-11:20:45. All of his arguments are attacks on the validity of the State Court Order, which order, is something the court cannot ignore. Simply put, unless or until the Debtor obtains relief from that State Court Order, the court is bound by it.

And because the court is bound by the State Court Order, it cannot order a turnover of the Property because at the time this bankruptcy commenced,[5] i.e., when the petition was filed in this case, ***the Property was not property of the estate.*** It was already determined that Castlerock was the owner of the Property in the State Court Action in May of 2025 in which the State Court explicitly held "[i]t is clearly and convincingly established that [Castlerock] is the owner of the property", Doc. No. 26, Ex. D, thereby removing any possibility that the Debtor has a legal interest in the property. *See In re St. Clair*, 251 B.R. 660, 666 (D.N.J. 2000), *aff'd sub nom. St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001) (finding that "Property would not be property of the debtors' estate upon the filing of a future bankruptcy" where, like here, state court awarded possession of the property to the creditor). The language of the State Court Order is clear. There is no room for any other interpretation. And while "a possessory interest in real property is within the ambit" of the bankruptcy estate, *In re Atl. Bus. & Cmty. Corp*., 901 F.2d 325, 328 (3d Cir. 1990), that simply does not apply to the Property here as the Debtor was removed from the Property on June 16, 2026,

[5] The Debtor also admits that we are only dealing with the filing of *the current case*. Audio Recording at 11:23:09-11:23:33.

over a month before *this case was filed*, when the Sheriff executed the Writ of Possession. Doc. No. 7-1, ¶4. Further, upon issuance of the Writ of Possession, any possessory interest the Debtor had, whether by tenancy at sufferance or otherwise, was expunged. *St. Clair*, 251 B.R. at 665. *See also Matter of Varquez*, 502 B.R. 186, 189 (Bankr. D.N.J. 2013) ("The writ of possession issued against the property was executed the day before the bankruptcy filing. As a result, at the time of the filing, the debtors had lost their legal and equitable interest in the property.") Likewise, here, at the time of the filing of this case, the Debtor had lost his legal and equitable interest in the Property. Whatever legal, equitable, or possessory interest the Debtor may previously have held in the Property, it did not become property of his bankruptcy estate in this case as those interests had been extinguished prior to the petition date. Accordingly, the Property is not property of the estate and the Debtor's motion for turnover must be denied as to a turnover of the Property. *See* 11 U.S.C. § 541(a); *Kaspar*, 667 B.R. at 220; *O'Dowd*, 233 F.3d at 202; *In re Barel*, No. 21-1849, 2021 WL 4279594, at *2 (3d Cir. 2021) ("[The creditor] was the owner of the property at the time [debtor] filed for bankruptcy protection and, therefore, the property did not become part of the bankruptcy estate"); *In re Dollar Rons II, LLC*, No. 07-17955, 2008 WL 1767064, at *4 (Bankr. D.N.J. Apr. 11, 2008) (denying debtor's request for turnover of inventory because it was not property of the estate); *In re S-Tran Holdings, Inc.,* 414 B.R. 28, 34 (Bankr. D. Del. 2009) (denying debtors' turnover action because property that is not property of the estate is not recoverable under § 542).[6]

Moreover, to the extent the Debtor is attempting to relitigate his claim for possession of the Property under the guise of a § 542(a) turnover action, the claim is barred by *res judicata*. Although styled as a request for turnover, the Debtor's claim arises from the same underlying transaction and circumstances at issue in the State Court Action. His contentions that the deed transfers were fraudulent and therefore void, as well as his argument that he satisfied the Land Contract and is the rightful owner of the Property, were raised or could have been raised in the contentious State Court Action. *See generally* Doc. Nos. 7 and 25. The State Court already clearly and unequivocally determined Castlerock was the owner of the Property and granted it possession. *See* Doc. No. 26, Ex. D, p. 5. Despite the Debtor's admission that the court does not have jurisdiction to set aside the State Court Order, given the arguments written in the Motion, the court finds it necessary to explain why the Debtor's claims are barred by *res judicata*.

"Under 28 U.S.C. § 1738 a federal court must refer to the preclusion law of the state in which the judgment was entered, in this case, New Jersey." *In re Baals*, No. 21-13750, 2023 WL 1856638, at *3 (Bankr. D.N.J. Feb. 8, 2023) (*citing In re Chung-Hwan Kim*, 2018 WL 671467, *34 (Bankr. D.N.J. Jan. 31, 2018)).

---

[6] The Debtor's reliance on *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) is misplaced here. *See* Doc. No. 7-1, ¶11. It speaks of an action against the Debtor *in rem*. As of the date of the filing of this case, the Debtor had no *in rem* interest in the Property as determined by the State Court and evidenced in the State Court Order as well as his lack of possession of the Property as explained above.

> The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought. *Post v. Hartford Ins. Co.,* 501 F.3d 154, 169 (3d Cir.2007). It "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and ... promot[es] judicial economy by preventing needless litigation." *Id.* (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991)).

*In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

It is clear the first two elements are present, as the State Court Order was a final judgment on the merits and the prior suit involved the same parties, the Debtor and Castlerock, and they fully participated in that action. The third element requires additional analysis. To decide if two causes of action are the same, courts must determine:

> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

*Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 105 F.4th 67, 76 (3d Cir. 2024) (citing *Wadeer v. N.J. Mfrs. Ins. Co.,* 220 N.J. 591, 110 A.3d 19, 28 (2015)).

First, the demand for relief in both actions is essentially the same. In the State Court Action, there were competing motions for summary judgment for possession of the Property. *See* Doc. No. 26, Ex. D. Here, the Debtor has filed a motion for turnover of property, asking the court to command Castlerock to vacate the premises and grant the Debtor unhindered re-entry to the Property. Doc. No. 7-1, at 6. Yes, it is framed as a turnover of property of the estate, but it is the exact relief the parties fought for in the State Court Action – possession of the Property.

As to the theories of recovery, the court does not know what theory the Debtor advanced in the State Court Action, as the court does not have a copy of his competing motion for summary judgment nor did the Memorandum Decision discuss them at length, if at all.[7] Nonetheless, none

[7] The Memorandum Decision only notes that the Debtor argued "that [Castlerock] is precluded from including unpaid taxes and the failure to obtain insurance coverage because it was not pled in the original complaint." Doc. No. 26, Ex. D, at 7.

of the Debtor's present theories for relief are based on facts or events that arose after the State Court Action. Rather, the factual bases underlying those theories existed well before the State Court Order was entered and, therefore, were or could have been raised in the State Court Action. *See Watkins v. Resorts Int'l Hotel & Casino, Inc.,* 124 N.J. 398, 413, 591 A.2d 592, 599 (1991) ("If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action.") If the Debtor believes the deed transfers for the Property are void[8] and/or that he is the owner of the Property from allegedly satisfying the Land Contract and Note,[9] he should have raised those theories in the State Court Action. *See* Doc. No. 7-1, at 4; Watkins, 124 N.J. at 413. This factor weighs in favor of finding the causes of action sufficiently similar for purposes of *res judicata*.

Third, the witnesses and evidence would be the same in this action as they were in the first action. In the first action, the State Court reviewed the Land Contract, analyzed the deed, and found that "it is clearly and convincingly established that [Castlerock] is the owner of the property." Doc. No. 25, Ex. D. Here, in order to determine if there was property of the estate to turn over, the court must consider "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As such, the court would look to the same evidence as the State Court to determine if the Debtor had any interest in the Property. The State Court has already done this. There are no new witnesses or evidence.

Lastly, and on the same note, there are no new facts. The Debtor is hanging his argument on alleged void deeds and his contention that he satisfied the Land Contract. *See generally* Doc. Nos. 7 and 25. But the material facts underlying his claim have not changed. The Debtor defaulted on his agreement with Castlerock, and the State Court determined that Castlerock was the owner

---

[8] The Debtor alleges deeds were transferred during an active bankruptcy he had filed in 2020 (Bankr. Case No. 20-14850-ABA) which therefore violated the automatic stay, rendering the deeds void. Doc. No. 7, ¶¶6-7. As an initial matter, this issue is not properly before the court in this motion for turnover in the Debtor's *current bankruptcy case*. At the same time, the Debtor cites no particular subsection of 11 U.S.C. § 362(a) that he believes was violated, nor did he cite any case law to support the alleged violation. The court notes that in general, post-petition mortgage assignments do not violate the automatic stay. *See In re Ahmadi,* 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012); *In re Samuels,* 415 B.R. 8, 22 (Bankr. D. Mass. 2009). The court was unable to find case law that holds a transfer of a deed under similar circumstances violates the automatic stay. Most importantly, this argument was available to the Debtor during the State Court Action and was or could have been raised there and the Debtor is prevented from now bringing the argument here.

[9] To support his argument that he paid off the Land Contract and is therefore the owner of the Property, the Debtor attaches receipts purportedly showing payments made on the Property. Doc. No. 7, Ex. B. The most recent payment dates back to 2023, years before the State Court Order was entered. Thus, this theory could have been brought in the State Court Action. What is more, the Debtor contends that his paid-off balance is a "conclusively deemed admitted fact" under the Local Bankruptcy Rules of the Eastern District of New York, because Castlerock's counsel made a "litigation default" in the New York Bankruptcy. *See* Doc. No. 7-1, at 4; Doc. No. 25, at 12. Despite providing no proof or meaningful explanation for his claim, the court is unaware of any legal authority that would turn this alleged "admitted fact" into property rights for the Debtor that are otherwise nonexistent.

of the Property and entitled to possession. This is merely a second attempt by the Debtor to relitigate his claim for possession of the Property in the bankruptcy court. He cannot circumvent the result reached in the State Court Action by repackaging that claim as a motion for turnover of property. Simply put, the Debtor seeks a second bite at the apple, and *res judicata* bars him from doing so. The law is clear, an entry of a final judgment in a state court of competent jurisdiction must be binding in a later bankruptcy proceeding. *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025) ("Imagine a legal system in which that were a winning strategy: If you whiff in state court, take your mulligan and come to federal court for another swing. State-court judgments would be near-worthless. To ensure those judgments receive the full faith and credit promised by the Constitution, art. IV, § 1, and to safeguard the efficiency and finality of litigation, we apply principles of preclusion.") Consequently, if the Debtor wants to challenge the State Court rulings, he must do so there.[10]

Through his Motion, the Debtor is attempting to "put the cart before the horse." He believes the State Court was wrong in its decision and that he will prevail in his appeal,[11] but nevertheless wants this court to ignore the State Court order now and require an immediate turnover of the Property. This, the court cannot and will not do. And while the court does not necessarily disagree with the idea that the transfers might be void *ab initio* should the State Court order be set aside, such a determination now is woefully premature. The Motion, as it pertains to the turnover of the Property, is **DENIED.**

**The Court's Decision on the Motion as to the Personal Property is Reserved.**

The Debtor admits that upon learning of the filing of this bankruptcy case, Castlerock and/or the Sheriff provided physical access to the storage facility where his personal items from the Property had been removed to. The Debtor retrieved his items. Doc. 7-1, ¶ 5. The court finds that Castlerock and/or the Sheriff acted well within the mandate of *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 161–62, 141 S. Ct. 585, 592, 208 L. Ed. 2d 384 (2021) and even went one step further by turning the personal property over to the Debtor before the Debtor obtained an order for turnover. Thus, to the extent that personal property has already been returned to the Debtor, there is no stay violation and there is no need for a turnover order.

[10] The Debtor also argues that Castlerock was barred from maintaining suit or property claims in New Jersey due to a lack of proper licensing. Doc. No. 25, at 6-9. The Debtor provided no supporting evidence for this claim. Nevertheless, for the same reasons previously stated, this claim must likewise be brought in the State Court Action, as the court does not have the authority to undo the State Court Order.

[11] The Debtor alleges that the State Court Action is currently on appeal under NJ Appellate Division Docket No. A-2994-24. *See* Doc. No. 7-1, ¶8. One would assume that if the Debtor were successful in his appeal, he would achieve the same result he is seeking here.

Nevertheless, the Debtor now claims that his personal "property had been severely broken and destroyed, multiple essential assets were stolen, and his vital personal identifying documents, birth certificates, and secure financial records were intentionally taken, ransacked, and withheld, creating an active privacy and identity security threat." Doc. 7-1, ¶ 5. The Debtor demands all physical keys and a return of all seized personal identity documents, birth certificates, and secure computing files. Doc. 7-1, at 4.

As noted above, to establish a turnover claim, the party seeking turnover has the burden to prove that: the property is property of the estate; the property is in the possession, custody, or control of another entity; the property can be used in accordance with the provisions of section 363; and the property has more than inconsequential value to the debtor's estate. If a debtor successfully pleads that he or she is entitled to a turnover of property pursuant to 11 U.S.C. § 542, and the property sought cannot be turned over because it has been lost or disposed of, the value of that property must be turned over. *In re Pilate*, 487 B.R. 345, 351 (Bankr. D.D.C. 2013) ("If the entity is no longer in possession of the property at the time of the turnover proceeding, then the entity must account for and deliver 'the value of such property'").

The Debtor's request for turnover of the physical keys to the Property is **DENIED** for all the reasons set forth in the sections above. The Property is not property of the estate and therefore, the Debtor is not entitled to receive the physical keys to the Property.

Unfortunately, as to the Debtor's alleged remaining claims about property that had been severely broken, destroyed, or stolen, and his further claims that vital personal identifying documents, birth certificates, and secure financial records were taken, ransacked, and withheld, creating an active privacy and identity security threat – the Debtor has failed to provide any proof of, and to establish or identify what, if any, property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; that the property can be used in accordance with the provisions of section 363; and the property has more than inconsequential value to the Debtor's estate. Thus, the court is unable to determine what, if any, remedy is available to the Debtor under section 542. To be sure, the Debtor is not entitled to any relief under section 362 of the Bankruptcy Code as "mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." *City of Chicago, Illinois v. Fulton*, 592 U.S. at 161–62, and the court cannot determine whether the Debtor is even entitled to any relief for his claim. Maintaining the status quo until a determination can be made does not entitle the Debtor to any relief under section 362. *Id.*

The Debtor has not met his burden here with regard to the personal property. This would be grounds for the denial of the Motion for turnover of the personal property. However, the court will give the Debtor one more opportunity to satisfy the elements of 11 U.S.C. § 542. Two weeks from the date of this Order, the Debtor must file on the Docket in this case a certification and actual proof by way of evidence/exhibits to:

1. to establish or identify what property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; and
2. that the property can be used in accordance with the provisions of section 363; and
3. the property has more than inconsequential value to the Debtor's estate. To that end, the Debtor must establish values of said property and provide proof of how that value was determined; and
4. Should the Debtor fail to timely file this required info, the Motion as to the personal property will be **DENIED.**

Then, Castlerock will have two (2) weeks from the date that the Debtor's certification and evidence/exhibits are filed on the court's Docket in this case to respond with its own certification and evidence/exhibits. Should Castlerock fail to timely file this required info, its failure to do so will be deemed an admission to and acceptance of the Debtor's submission.

## MATTERS OF HOUSEKEEPING

The Debtor seems to be confusing several different theories, misunderstanding processes or providing unrelated arguments when seeking relief from the court. And while the court stands by its decision above, it is compelled to address some of those items now, in an effort to provide the Debtor with a better understanding.

### The Debtor's Misunderstanding Regarding the Automatic Stay

It seems that the Debtor has a fundamental misunderstanding about application of the automatic stay. He seemed to suggest that the automatic stay in the First Case, or perhaps any other previous case, continued to the current case and Castlerock was stayed from taking any action against the Property. First, the court previously ruled that the First Case was invalid, so the automatic stay did not go into effect. There was no stay to continue. If the Debtor is suggesting that there was a stay from his pending bankruptcy case in the Eastern District of New York, Bankr. Case No. 1-25-43801-jmm, that argument is just wrong as Castlerock was granted relief from the automatic stay in that case to pursue its rights and remedies. *See* Doc. No. 116 ("The automatic stay is terminated to permit Castlerock 2017, LLC to exercise their rights under applicable law with respect to collateral known as 33 Main Street, Pennsville, New Jersey 08070"). Along with that, as to any other previous case filed by the Debtor, the automatic stay in those cases terminated prior to the filing of the current case pursuant to 11 U.S.C. § 362(c).

Next, the automatic stay does not jump back to a previous case upon the filing of a new one nor does that stay in the previous case carry forward to the new case. Each bankruptcy case is a separate and distinct filing – with its own protections specific to that case. The Debtor cited no case law or statute to otherwise support such an incongruous proposition, and the court could find none. The closest thing the court could find is 11 U.S.C. § 362(c)(3), applicable in this case, which actually limits the automatic stay on a repeat filing.[12] In the end, there was NO previous stay to carry over.

Finally, the Debtor acknowledges that we are only dealing with the filing of *the current case*. The Debtor cannot pick and choose from matters that occurred in other cases. The focus now is on this case. To that end, all the actions the Debtor complains of now clearly occurred pre-petition before this case was filed and therefore, Castlerock cannot be held accountable for violating the automatic stay in this case for those pre-petition actions since the automatic stay only applies to post-petition acts, *In re APF Co.*, 274 B.R. 408, 416 (Bankr. D. Del. 2001) and maintaining the *status quo* as to those prepetition actions is not a violation of the automatic stay. *Fulton*, 592 U.S. at 161–62.

**The Court Would Permissively Abstain From Deciding to Set Aside the State Court Order**

The court notes that in the Debtor's Reply Brief, he made several arguments at length, some of which the court has already addressed. These arguments include that: he allegedly made full payment of the Land Contract rendering him the owner of the Property; certain past deed conveyances violated the automatic stay; the use of those deed conveyances in the State Court Action constituted a fraud on the State Court; Castlerock lacked the proper licensure to practice real estate brokerage or mortgage servicing in New Jersey in violation of the New Jersey Consumer Fraud Act, which the Debtor believes constituted another fraud on the State Court; and that Castlerock failed to perfect the State Court Order,[13] rendering it void. *See* Doc. No. 25, at 2-14.

As noted, the court is bound by the valid State Court Order. Until that Order is set aside, the Property is NOT property of the Debtor or the bankruptcy estate. Thus, turnover is not appropriate unless and until the Debtor obtains an Order setting aside the State Court Order. To that end, to the extent the Debtor's arguments are not all barred by *res judicata*, the court finds that permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) would be appropriate.

Courts typically consider twelve factors when evaluating whether permissive abstention is warranted under § 1334(c)(1):

---

[12] This limitation has no impact for purposes of this decision. It is noted only as an example.

[13] The Debtor uses the phrase "local county ejectment judgment", which the court interprets to mean the Order Granting Summary Judgment for Possession, i.e., the State Court Order. If the Debtor was instead referring to the Writ of Possession, the same analysis will apply.

> (1) The effect or lack thereof on the efficient administration of the estate;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

*In re DHP Holdings II Corp.,* 435 B.R. 220, 223–24 (Bankr. D. Del. 2010); *In re Venoco, LLC*, 596 B.R. 480, 492–93 (Bankr. D. Del. 2019), *aff'd*, 610 B.R. 239 (D. Del. 2020), *aff'd sub nom. In re Venoco LLC*, 998 F.3d 94 (3d Cir. 2021). "Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *DHP Holdings II Corp.,* 435 B.R. at 224 (internal citations omitted); *In re G-I Holdings, Inc*., 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

Clearly, as set forth above, many of the factors exist favoring abstention. First, state law issues clearly predominate. Determining whether the Debtor fulfilled the Land Contract and is owner of the Property presents issues of state contract and property law. Likewise, the applicable New Jersey licensure requirements, alleged violations of the New Jersey Consumer Fraud Act, and the legal effect of Castlerock's alleged failure to perfect the State Court Order are all matters of state law. Moreover, as to the Debtor's allegations that Castlerock committed numerous frauds upon the State Court, the State Court is the more appropriate forum to determine whether such fraud was committed upon it in connection with the proceedings before it. These considerations also implicate a second factor considered by the court – the difficulty or unsettled nature of the applicable state law. While the court does not view each issue to be particularly difficult or unsettled, their resolution would require the court to interpret New Jersey law in areas in which the state courts possess greater expertise. *See In re Abruzzo,* 1999 WL 1271761, at *3 (Bankr. E.D. Pa. Dec. 28, 1999) (noting state courts have more experience and expertise than bankruptcy courts in foreclosure matters). Abstention therefore promotes comity and consistency in the interpretation and application of state law.

Next, and most importantly, there is a related proceeding commenced in state court, as the State Court Order is already under appeal. It is there where the Debtor has already begun to challenge the findings of the State Court. Since there is an appeal pending, there is no need for the court to duplicate those efforts, particularly where the state appellate court is better suited to address the state law issues being raised by the Debtor and can provide the relief he seeks here. And finally, another factor weighs in favor of abstention – the burden imposed upon the court's docket by the demand to address these claims. Effectively, the Debtor is asking the court to address the same issues already being litigated in state court. Again, the relief sought is clearly available to the Debtor in state court. He is primarily challenging the State Court Order, and his appeal of that Order is already underway. There is no need for the court to expend its time and resources on something that is already being litigated in another forum, which, in fact, is better suited to hear the claims in the first place.[14] All of this favors abstention over the issues raised in the Debtor's Reply Brief. *See G-I Holdings, Inc*., 580 B.R. at 422.

**CONCLUSION**

Accordingly, the Property was not property of the estate at the time this bankruptcy commenced, and the Motion as to the Property and the physical keys to the Property is **DENIED**. The Motion as to personal property is held in abeyance in accordance with the conditions outlined in this Order and Memorandum decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 22, 2026

[14] The court notes that courts typically place more weight on the following factors, "(1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core." *See DHP Holdings II Corp.,* 435 B.R. at 224 (internal citations omitted). Here, the court finds that the predominance of state law issues, the pending state court appeal, and the burden on the court's docket weigh strongly enough in favor of abstention that the court need not address the first and seventh factors. *See G-I Holdings, Inc*., 580 B.R. at 422 ("The decision to exercise permissive abstention is committed to the sound discretion of the court").

United States Bankruptcy Court
District of New Jersey

In re:
Cornelius Stephens
Debtor

Case No. 26-18311-ABA
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1 | User: admin | Page 1 of 2
Date Rcvd: Sep 22, 2026 | Form ID: pdf903 | Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 24, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cornelius Stephens, 5415 Almeda Avenue, Apt. 1-C, Arverne, NY 11692-1503 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 24, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 22, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew B Finberg | courtmail@standingtrustee.com ecf.mail_9022@mg.bkdocs.us |
| Matthew K. Fissel | on behalf of Creditor Castlerock 2017 LLC bkgroup@kmllawgroup.com |
| Matthew K. Fissel | on behalf of Defendant Madison CFD LLC bkgroup@kmllawgroup.com |
| Matthew K. Fissel | on behalf of Defendant Castle CFD Group LLC bkgroup@kmllawgroup.com |
| Matthew K. Fissel | on behalf of Defendant Castlerock 2017 LLC bkgroup@kmllawgroup.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 6