**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Order Filed on October 8, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>Cornelius Stephens,<br><br>Debtor. | Case No.: 26-18311<br><br>Chapter: 13<br><br>Hearing Date: September 1, 2026, at 10:00 a.m.<br><br>Judge: Andrew B. Altenburg, Jr. |

**ORDER DENYING MOTION FOR TURNOVER OF PERSONAL PROPERTY**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: October 8, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

**THIS MATTER** having come before the court on Debtor, Cornelius Stephens' *Motion for Turnover of Property* (the "Motion") (Doc. No. 7); and Castlerock 2017 LLC having filed opposition (Doc. No. 23); and the Debtor having filed a response thereto (Doc. No. 25); and a hearing having been held on September 1, 2026; and the parties having appeared and made argument; and

**WHEREAS** for the reasons set forth in the *Order Denying Motion For Turnover Of Property, In Part And Holding Decision In Abeyence In Part* and Memorandum Decision attached thereto dated September 22, 2026 (the "Turnover Order") Doc. No. 30, the Court denied the Motion as to certain real property but held the Motion in abeyance as to alleged personal property. The Turnover Order was served on the Debtor at the address he provided on his filed Change of Address form, Doc. No. 29, at 5415 Almeda Avenue, Apt. 1-C, Arverne, NY 11692. *See* Doc. No. 32; and

**WHEREAS** due to the fact that the Debtor failed to meet his burden in his Motion to identify what alleged personal property of his that Castlerock and/or the Sheriff remained in possession of; how that property can be used in this case; and its value the Turnover Order required the Debtor by two (2) weeks from the date of the Turnover Order, i.e., by October 6, 2026, to file on the Docket in this case a certification and actual proof by way of evidence/exhibits to establish or identify what property of the estate remains in the possession, custody or control of Castlerock and/or the Sheriff; the property can be used in accordance with the provisions of section 363; and value of the property; and

**WHEREAS** the Turnover Order specifically provided, *inter alia*:

---

> Should the Debtor fail to timely comply with this Order, including but not limited to the filing of a certification and actual proof by way of evidence/exhibits, the Motion as to the personal property will be **DENIED**.

*Id*. at ¶ 2.

**WHEREAS** the Debtor has not filed any certification on the Docket as required by the Turnover Order; it is

**ORDERED** that the Motion for Turnover of Property as to any personal property is **DENIED**.