# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander**
*Jennie P. Archer**
*Kelleen E. Stanley**
*Kimberly A. Talley**

**Certified Bankruptcy Assistant*

October 21, 2026

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

**RE: Chapter 13 Bankruptcy**
**Case No. 26-18311(ABA)**
**Debtor(s) Name: Cornelius Stephens**

Dear Judge Altenburg:

Please accept this letter in lieu of a formal response to Debtor's Motion to Vacate Dismissal Order on shorten time, which is returnable Wednesday, October 28, 2026, at 11:00 a.m.

Debtor has filed for bankruptcy protection nine (9) times. The present case is the sixth (6th) filing since 2018 and the second (2nd) filing within one (1) month. Debtor's case was dismissed at Confirmation on September 23, 2026. An Order Dismissing Case was entered by the Court on September 24, 2026, for failure to attend §341(a) meeting; failure to make required pre-confirmation payments to the Trustee; failure to provide documents to the Trustee; failure to file tax returns; failure to provide evidence of income; failure to attend Confirmation hearing; and failure to provide photo ID and/or social security card.

Prior to dismissal of the case, the Court entered an Order Denying Motion for Turnover of Property, in Part and Holding Decision in Abeyance in Part on September 22, 2026. Pursuant to the Order, Debtor had until October 6, 2026, to file a Certification and actual proof by way of evidence/exhibits to:

a. To establish or identify what property of the estate remains in possession, custody or control of Castlerock and/or the Sheriff; and
b. That the property can be used in accordance with provisions of section 363; and
c. The property has more than inconsequential value to the Debtor's estate. To that end, the Debtor must establish values of said property and proof of how that value was determined.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

In the event Debtor failed to comply with the terms of the Order, including but not limited to the filing of a Certification and actual proof by way of evidence/exhibits, the Motion as to the personal property will be denied.

Debtor failed to comply with the terms of the Order. As a result, an Order Denying Motion for Turnover of Personal Property was entered by the Court on October 8, 2026.

On the same date the Order Denying Motion for Turnover of Personal Property was entered, Debtor filed a Modified Chapter 13 Plan (Doc No. 39), a Letter in support of Modified Plan (Doc No. 41), and a Property Loss and Damage Inventory Ledger (Doc No. 43). The following day, Debtor filed the present Motion to Vacate Dismissal Order acknowledging their omissions stating it was a "blameless pro se error of the law". Debtor states that the missing documents have been delivered to the Chapter 13 Trustee and has now filed a Chapter 13 Plan that proposes payments to the Trustee; therefore, seeks entry of an Order Dismissing Case. The Trustee objects.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy cases. Federal Rule of Civil Procedure 60 lists the grounds for relief from a final judgment or order like the Order of Dismissal in this case.

Federal Rule of Civil Procedure 60(b) provides five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Motion to Vacate Dismissal is essentially a motion for reconsideration and "is an extraordinary remedy and is only appropriate in select and narrow instances." In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023). The Debtor "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967). Further, the moving party holds the heavy burden of demonstrating more than mere disagreement with a Court's decision. In re McClees, 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023). Debtor's Motion fails to address any grounds for the extraordinary relief under Rule 60(b).

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

While the Trustee acknowledges receipt of some documents needed to conduct a §341(a) Meeting of Creditors, the Trustee still has not received the following:

1. Mortgage payoff and Comparative Market Analysis with comparables for the property located in Brooklyn, NY;
2. Business Exam for Uber;
3. Insurance declaration page for vehicle;
4. Bank statements dated 1/1/26-6/30/26;
5. Profit & loss for Uber dated 1/1/26-6/30/26;
6. Proof of social security number (copy of social security card provided was redacted).

Furthermore, the Modified Chapter 13 Plan filed on October 8, 2026, proposes payments of $150 for 36 months; however, Part 1b states that no monthly plan funding is required because the Debtor holds zero liability on all claims due to the Chapter 7 discharge obtained in Case No. 25-43801 JMM. Part 10 of the Modified Plan claims that this is a “valid, zero-payment ‘Lien Only’ Chapter 13 plan designed strictly to adjust and void a surviving in rem property lien following the entry of the Debtor’s July 8, 2026, Chapter 7 discharge certificate in EDNY Case No. 25-43801 JMM. No Chapter 13 discharge is sought by the Debtor herein”.

Debtor does not request to address the Order Denying Motion for Turnover of Personal Property entered October 8, 2026. Debtor’s motion only seeks entry of an Order Vacating Dismissal Order. Debtor’s sole aim appears to be continuing litigation with CastleRock and/or the Salem County Sheriff’s Department, by utilizing the automatic stay that comes with Chapter 13 protections. There is no estate for the Standing Trustee to administer and Debtor claims he owes zero liability to creditors. Debtor’s Chapter 13 Plan and Modified Chapter 13 Plan are not good faith attempts at reorganization; Debtor is simply seeking the comfort and benefit of the automatic stay to pursue other legal matters.

Based on the foregoing, the Trustee requests Debtor’s motion be denied.
As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

/s/ Joni L. Gray
Joni L. Gray
Counsel

JLG/jpa
cc: Cornelius Stephens (Via First Class Mail)