**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Order Filed on October 28, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>Cornelius Stephens,<br><br>Debtor. | Case No.: 26-18311<br>Chapter: 13<br><br>Hearing Date: October 28, 2026, at 11:00 a.m.<br><br>Judge: Andrew B. Altenburg, Jr. |

## ORDER DENYING MOTION TO VACATE DISMISSAL OF CASE

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: October 28, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

**THIS MATTER** having come before the court on the Debtor, Cornelius Stephens' *Motion to Vacate Dismissal of Case* (the "Motion") (Doc. No. 40) on shortened time (Doc. No. 45); and the Chapter 13 Trustee having filed opposition (Doc. No. 47); and a hearing having been held on October 28, 2026; and the Chapter 13 Trustee having appeared but the Debtor did not; and

**WHEREAS** this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court; the following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052; and

**WHEREAS** on September 24, 2026, the Debtor's Case was dismissed due to the Debtor's failure to attend the Section 341(a) meeting; failure to make all required pre-confirmation payments to the Trustee; failure to provide all required documents to the Trustee; failure to file tax returns; failure to provide evidence of income; failure to attend Confirmation Hearing; and failure to provide photo ID and/or social security card. *See* Doc. No. 33; and

**WHEREAS** on October 8, 2026, the Debtor filed a Modified Chapter 13 Plan (the "Modified Plan"), Doc. No. 39, which provided for monthly Trustee payments of $150 for 36 months, but further provided that "No monthly plan funding is required. The Debtor holds zero personal liability on all claims due to an intervening Chapter 7 discharge. The single remaining secured claim is fully paid off to a zero balance, and its structural in rem lien being canceled through a concurrent adversary proceeding." *Modified Plan*, Part 1. In addition, the Modified Plan provided that "this is a valid, zero-payment 'Lien-Only' Chapter 13 plan designed strictly to adjust

---

and void a surviving in rem property lien following the entry of the Debtor's July 8, 2026 Discharge certificate in the EDNY Case No. 25-43801-JMM. No Chapter 13 discharge is sought by the Debtor herein." *Modified Plan*, Part 10. The Modified Plan identifies the lien the Debtor seeks to avoid as that held by Creditor Castlerock 2017 LLC / Madison CFD, LLC against real property located at 33 Main Street, Pennsville, NJ, 08070 (the "Property"). *Modified Plan*, Part 7; and

**WHEREAS** the Debtor sought to avoid the lien pertaining to the Property in Adversary Proceeding 26-01340-ABA (the "Adversary Proceeding"); and for the reasons set forth in the *Order Granting Motion to Dismiss Adversary Proceeding and Denying Cross Motion for Summary Judgment* dated October 8, 2026, Adversary Proceeding, Doc. No. 11, the court granted the Defendants' Motion to Dismiss Adversary Proceeding, denied the Debtor's Cross Motion for Summary Judgment, and dismissed all of the Debtor's claims asserted in the Amended Complaint with prejudice, finding, *inter alia*, that *res judicata* prevented the court from granting the relief the Debtor sought as the State Court had already determined that the creditor, *not the Debtor,* was the owner of the Property and, therefore, the Property was not property of the bankruptcy estate and any relief the Debtor sought must be pursued in the State Court; and

**WHEREAS** that *Order Granting Motion to Dismiss Adversary Proceeding and Denying Cross Motion for Summary Judgment* is a final order, *see In re Conley*, 369 B.R. 67, 70 (B.A.P. 1st Cir. 2007) ("An order granting a motion to dismiss is a final order that ends the litigation on the merits of the complaint"), which has been appealed by the Debtor, Doc. No. 14, divesting this court of jurisdiction. *See In re ESML Holdings Inc*, 135 F.4th 80, 97 (3d Cir. 2025) ("When a party files a notice of appeal from a final order, that filing 'is an event of jurisdictional significance'

because 'it confers jurisdiction on the court of appeals and divests the [trial] court of its control over those aspects of the case involved in the appeal.'") (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)); *In re Wisconsin & Milwaukee Hotel LLC*, 679 B.R. 324, 337–38 (Bankr. E.D. Wis. 2026) ("[t]he filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal."); and

**WHEREAS** the Debtor's Adversary Proceeding having been dismissed with no outstanding matters to be resolved therein and is subject to an appeal, and the Debtor having indicated that the sole stated purpose of the Modified Plan was to avoid the lien and recover the Property through the Adversary Proceeding; that he is not seeking a discharge; and has no debt to address having recently received a discharge in a Chapter 7 case. *Modified Plan,* Part 1; and in his Motion and Modified Plan the Debtor not stating, and there appearing none, any other reason or purpose for proceeding in his Chapter 13 Case; and

**WHEREAS** a motion to vacate dismissal is essentially a motion for reconsideration under Fed. R. Civ. P. 60(b); and there being six grounds for relief from a "final judgment, order, or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *McClees,* No. 22-18444 (MBK), 2023 WL 4110656, at *2 (Bankr. D.N.J. June 20, 2023) ("Reconsideration is an extraordinary remedy and is only appropriate in select and narrow instances"); and the Debtor having failed to address any of the grounds for the extraordinary relief he seeks; and

**WHEREAS** the dismissal of the underlying bankruptcy case does not automatically terminate the Debtor's appeal of the *Order Granting Motion to Dismiss Adversary Proceeding and Denying Cross Motion for Summary Judgment. See In re Knaak,* 825 F. App'x 83, 86 (3d Cir. 2020); *Matter of Stat. Tabulating Corp., Inc.,* 60 F.3d 1286, 1289-90 (7th Cir. 1995); *Scarborough v. Chase Manhattan Mortg. Corp.*, No. CIV.A. 05-4548, 2006 WL 1050287, at *4 (E.D. Pa. Apr. 20, 2006); and

**WHEREAS** the Debtor having identified no remaining legitimate purpose to continue his Chapter 13 Case following the dismissal of the Adversary Proceeding; and the court having no need to vacate the dismissal if doing so would be futile, *see Merrifield v. United States*, No. CIV. 07-987 JBS, 2011 WL 1205473, at *6 (D.N.J. Mar. 28, 2011) and *In re Mitchell,* 255 B.R. 345, 365 (Bankr. D. Mass. 2000);

**IT IS ORDERED** that the *Motion to Vacate Dismissal of Case* is **DENIED**.

**IT IS FURTHER ORDERED** that should the Debtor be successful on appeal, the court will consider vacating the dismissal of this case if necessary.